JOHNSON, Judge.
This is an appeal from' a final judgment entered pursuant to jury verdict, in favor of the appellees-defendants in an auto accident case.
The facts as shown from the testimony, mostly from the defendant driver of appel-lees’ tractor vehicle, shows that the appel-lee driver of the “bobtail” tractor was travelling west on U.S. #27 just under the overpass of Interstate 75 and approaching the crossover on U.S. #27 to the left or south in order to approach the up-ramp to get on to 1-75. He said he was driving about 5 to 10 miles per hour at that time. That he saw the appellant’s car coming and that he could not make it across in front of it in time, so he tried to stop. That he started to skid and in order to “pull out” of the skid, he cut his front wheels hard to the left, which caused him to cut across into the oncoming traffic from the west on U.S. #27, and that caused the appellant’s car to run into his front right tire.
The appellants’-plaintiffs’ attorney moved for directed verdict as to liability, which the trial court correctly denied at that stage of the proceedings because the facts as outlined supra had not been adduced via testimony.
When the defendants rested their case, the plaintiffs renewed their motion for directed verdict as to the issue of liability only. The trial court ruled that said motion was “neither granted nor denied.” This we think and so hold was error. From the facts as related, there was a clear case of negligence on the part of the defendant-driver. The Highway Patrol had charged the defendant driver of operating a motor vehicle with failure to maintain control of the same at the time of the accident. He had plead guilty of not having his vehicle under control, and knowing as he did of the hazard of driving at the speed he was driving under the conditions of -weather and road, this was undisputed acts of negligence and the court should have so ruled.
The judgment is reversed and the case remanded to the trial court for entry of judgment in favor of appellants on the question of liability, and for a new trial on the question of damages.
SPECTOR, Acting C. J., and DREW, E. HARRIS (Retired), Associate Judge, concur.